UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELINDA M. CAMPBELL,

                    Plaintiff,

          -vs-                        **No. 1:13-CV-00775 (MAT)**
                                      **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

---

## I.   Introduction

Represented by counsel, Melinda M. Campbell ("plaintiff")
brings this action pursuant to Title II of the Social Security Act
("the Act"), seeking review of the final decision of the
Commissioner of Social Security ("the Commissioner") denying her
application for disability insurance benefits ("DIB"). The Court
has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).
The matter was initially before the Court on the parties' cross
motions for summary judgment.[1] The parties' motions were referred
to Magistrate Judge Hugh B. Scott for consideration of the factual
and legal issues presented, and to prepare and file a Report and
Recommendation ("R&R") containing a recommended disposition of the
issues raised.

By R&R dated August 8, 2016, Judge Scott recommended that the
Commissioner's motion be granted and the plaintiff's motion be

---

[1] This case was originally assigned to Judge Richard Arcara, who referred
it to Magistrate Judge Scott for a Report and Recommendation, which was completed
and filed on August 8, 2016. The case thereafter was referred to this Court by
order dated March 6, 2017.

denied. For the reasons that follow, the Court declines to adopt the R&R and instead remands this case for further proceedings consistent with this Decision and Order.

## II.  Procedural History

The record reveals that in April 2010, plaintiff (d/o/b March 4, 1981) applied for DIB, alleging disability as of January 30, 2006. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Michal L. Lissek ("the ALJ") on October 4, 2011 and February 28, 2012. The ALJ issued an unfavorable decision on April 10, 2012. The Appeals Council denied review of that decision and this timely action followed. The R&R contains a thorough summary of the record, which the Court incorporates by reference. See doc. 17 at 2-14.

## III. Report and Recommendation

The R&R recommended that the Commissioner's motion be granted. Specifically, the R&R rejected plaintiff's arguments that (1) the ALJ erred in finding that plaintiff's impairments met the qualifications of Listing 1.04A or 1.04C; (2) the ALJ failed to properly apply the treating physician rule; (3) the ALJ erred in finding that plaintiff could perform past relevant work ("PRW"); and (4) the ALJ did not properly assess plaintiff's credibility. On August 22, 2016, plaintiff filed objections to the R&R. Specifically, plaintiff contends that the R&R erred in analyzing

the step four finding, and in finding that plaintiff did not meet a listing.

**IV.  Discussion**

When reviewing a magistrate judge's report and recommendation, a district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" id. "[Where] a party fails to object to a portion of an R&R, further review is generally precluded." James v. Monroe Cty. Jail, 2005 WL 2030730, *1 (W.D.N.Y. Aug. 23, 2005) (citing Mario v. P & C Food Mkts. Inc., 313 F.3d 758, 766 (2d Cir. 2000)). The Court notes that plaintiff has not objected to the portions of the R&R addressing the ALJ's application of the treating physician rule and the ALJ's credibility finding. Therefore, the Court will not review those portions of the R&R.

**A.    Step Four Finding**

Plaintiff contends that the vocational expert's ("VE") testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"), and that therefore the step four finding, which relied on the VE's testimony, was based on legal error. The VE testified that plaintiff's past work as a secretary and collector were sedentary and semi-skilled with a specific vocational

3

preparation ("SVP") of four. The VE stated that the DOT code for secretary was 203.582-064 and the code for collector was 253.382-014. However, the correct codes for these titles are 201.362-030 and 241.367-010, respectively.[2]

The R&R acknowledges the VE did not give the correct DOT titles for secretary and collector. While the R&R lists the correct DOT title for collector, it lists the DOT title for "typist," not secretary. See doc. 17 at 26 (citing 203.582-066, the code for typist, as the code for secretary). Moreover, contrary to the VE's testimony, the SVP for the title of secretary is six, not four.[3] An SVP of six requires preparation of over one year and up to two years, whereas an SVP of four requires preparation of "[o]ver [three] months up to and including [six] months." DICOT 241.367-010 (description of SVP level four); see DICOT 201.362-030 (description of SVP level six). Plaintiff reported that she worked as a secretary from September through December 1999. Therefore, pursuant

---

[2] The title codes given by the VE do not correspond to any titles in the DOT, the contents of which the Court takes judicial notice. See, e.g., In re RadPro SecurPass Scanner Cases, 2014 WL 4054310, *3 (S.D.N.Y. Aug. 13, 2014); Philpot v. Colvin, 2014 WL 1312147, *9 (N.D.N.Y. Mar. 31, 2014).

[3] In reply to plaintiff's objections, the Commissioner argues that plaintiff failed to raise the specific argument that her secretarial work did not satisfy the SVP for the DOT title. However, in her original motion papers, plaintiff argued that the ALJ's step four finding was legally erroneous because he failed to inquire into an apparent inconsistency between the VE's testimony and the DOT. The Court finds that plaintiff's argument in her objections is sufficiently intertwined with her original argument that the ALJ's step four finding was unsupported by substantial evidence, and therefore considers this issue in reviewing the R&R.

to the correct DOT title which had an SVP of six, not four, plaintiff could not perform this PRW.

Plaintiff reported that she worked as a collector from February 2000 through 2001. Thus, it is unclear exactly how long plaintiff worked at that job, but based on her report it was for a time period of at least 10 but not more than 22 months. Therefore, plaintiff met the SVP level of four for this job. The DOT title for collector, however, requires *light*, not sedentary, work. Therefore, the ALJ's finding that plaintiff retained an RFC to perform sedentary work with various nonexertional limitations did not support his conclusion that she could perform the job of collector.

Thus, contrary to the ALJ's conclusion, plaintiff could not perform work as either a secretary or a collector. The R&R recommended that plaintiff's argument be rejected because any error at step four was harmless. See doc. 17 at 26-27. However, because plaintiff's work as a secretary did not satisfy the SVP requirement and the job of collector is performed at a light, not sedentary, exertional level, this case is analogous with <u>Mimms v. Heckler</u>, 750 F.2d 180, 186 (2d Cir. 1984), as plaintiff argues. <u>Id.</u> ("Although both the ALJ in his opinion, and the vocational expert in her testimony at the hearings, concluded that the claimant's vocational capacity was for *sedentary*, semi-skilled positions, the jobs selected by the expert and relied upon by the ALJ, as being

5

appropriate, require the capacity to perform *light* work.")
(emphasis added) (internal citations omitted).

Thus, the ALJ committed reversible error in finding that
plaintiff could perform her past relevant work as either a
secretary or collector. The requirements of both of these jobs, as
described by the DOT, were inconsistent with the ALJ's RFC finding
and therefore the court "must conclude that the Secretary failed to
demonstrate the existence of substantial gainful employment of a
sedentary nature, which the claimant was capable of performing."
Id. This case is therefore remanded for further consideration of
whether plaintiff can perform her PRW, and if not, whether jobs
exist in the national economy which she could perform.

**B.   Listing 1.04A**

In her objections to the R&R, plaintiff contends that the ALJ
failed to properly develop the record with respect to the findings
of various straight leg raise ("SLR") tests. However, plaintiff did
not make this argument in her brief supporting her motion for
judgment on the pleadings. In that brief, plaintiff argued that the
results of multiple SLR tests satisfied the requirement of Listing
1.04A; she did not argue that the ALJ should have recontacted
treating physicians to discover where the results were given in
both sitting and supine positions, as required by the regulations.
See doc. 10-1 at 24 (arguing simply that "[p]laintiff had positive
[SLR] tests on multiple examinations"); see also Coffie v. Comm'r

of Soc. Sec., 2009 WL 2045618, *6 (N.D.N.Y. July 8, 2009) ("Plaintiff has not provided sufficient evidence of a positive straight-leg raising test (sitting and supine), as required to meet Listing § 1.04."). "[B]ecause [p]laintiff raises this argument for the first time in her objection to the R & R and has offered no explanation as to why [s]he did not do so sooner, the Court deems it waived." Gallagher v. Astrue, 2013 WL 2528176, *3 (W.D.N.Y. June 10, 2013).

## V.    Conclusion

For the reasons discussed above, the Court declines to adopt the R&R. The Commissioner's motion for judgment on the pleadings (Doc. 12) is denied and plaintiff's motion (Doc. 10) is granted. Plaintiff's objections (docs. 18, 19) are overruled in part and sustained in part as discussed above. This matter is reversed and remanded for further proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     March 27, 2017
           Rochester, New York.