UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MELINDA M. CAMPBELL,

                          Plaintiff,

                -vs-                    **No. 1:13-CV-775-MAT**
                                        **DECISION AND ORDER**
ANDREW M. SAUL,[1] Commissioner of
Social Security,

                          Defendant.

_____

**INTRODUCTION**

Represented by counsel, Melinda A. Campbell ("Plaintiff") commenced this action pursuant to Title II of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), which denied her application for disability insurance benefits ("DIB"). This Court issued a decision reversing the Commissioner's decision and remanding the case for a new hearing. Following a rehearing, the Commissioner awarded Plaintiff benefits. Now before the Court is Plaintiff's Motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel is requesting a fee of $21,133.50.

_____

[1] The president nominated Andrew M. Saul to be Commissioner of Social Security and the Senate confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

**PROCEDURAL HISTORY**

Plaintiff commenced this action on July 26, 2013. (Docket No. 32 Attachment No. 1 at 2). Plaintiff submitted a Motion for Judgment on the Pleadings and a Reply Memorandum in response to Defendant's Motion for Judgment on the pleadings. Id. The Honorable Leslie G. Foschio, United States Magistrate Judge, issued a Report and Recommendation. Id. Plaintiff then submitted objections to the Report and Recommendation. Id. The Court adopted in part the Report and Recommendation and remanded the case to the Commissioner. Id.

Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA") on June 24, 2017, and entered into a stipulation with United States Attorney David B. Myers. Id. The Court approved the stipulation awarding an EAJA fee of $7,521.60. Id. at 3.

The Appeals Council reviewed the Court's Order on December 21, 2017, and remanded Plaintiff's case remanded for a hearing before an ALJ. Id. at 3. ALJ Melissa Lin Jones heard the case on October 2, 2018, and issued a decision favorable to Plaintiff on October 22, 2018. Id. at 3. The decision awarded benefits, and 25 percent of those benefits, or $21,133.50, was withheld to pay attorney's fees. Id. at 3.

**APPLICABLE LEGAL PRINCIPLES**

Section 406(b) provides in relevant part that "[w]henever a

2

court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and Gisbrecht, supra.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits

3

awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

## DISCUSSION

### A. Reasonableness of the Fee Requested

As an initial matter, the Court notes that the Social Security Administration's ("SSA") Notice of Award states that Plaintiff's first check would be in the amount $64,420.00, representing benefits through March 2019. The SSA also stated that it "usually withheld 25%" to pay any representative's fee, and that it withheld $21,133.50 to pay Plaintiff's representative. Thus, it appears that her total past due benefits amount was $84,534.00, which amount is nowhere reflected on the SSA's Notice of Award. Using the figure of $84,534.00, the requested amount of $21,133.50 does not exceed the statutory cap and is permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

With regard to the first Gisbrecht factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a remand for further administrative proceedings and, ultimately, an award of benefits.

This factor weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. See Gisbrecht, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Dividing the Section 406(b)(1) fee requested ($21,133.50) by the total hours expended by Counsel (44.1 hours) yields an effective hourly rate of $479.22. Although the Commissioner does not address whether counsel's requested fee represents a windfall, he does state that "Courts within this district and within the Second Circuit have approved comparable hourly rates, and thus, this hourly rate does not appear to be unreasonable." See Docket No. 33 at 2 (citing Heffernan v. Astrue, 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. 2015) (other citations omitted). The Court agrees.

The Court further observes that a contingent fee outside of

the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past due benefits. See 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). Counsel, on the other hand, assumed a substantial risk of loss in taking this case, given that Plaintiff's claim had been denied at multiple levels of agency review before the initiation of this civil action. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, Gisbrecht, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff. Id. at 805.

Consideration of all of the Gisbrecht factors warrant a finding that the requested fee is reasonable, and the Commissioner does not disagree. Additionally, Counsel has stated that he will refund the amount of the EAJA fee award to Plaintiff (i.e., $7,521.60) should the Section 406(b) application be approved. (Docket No. 32 Attachment No. 1 at 5). See Gisbrecht, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186; second alteration in

6

original).

**B.    Timeliness of the Section 406(b) Motion**

The law within the Second Circuit is unsettled regarding the deadline to file a Section 406(b) motion. The Act does not require a fee application to be filed within any specific time limit, "making the timeliness question somewhat more complicated." Geertgens v. Colvin, No. 13 CIV. 5133(JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). The Second Circuit has not yet squarely addressed the question of what standard should govern the question of whether a Section 406(b) application is timely filed. Courts in this District, up until recently, had consistently applied a reasonableness standard. See, e.g., Jenis v. Colvin, 12-CV-0600A, 2016 WL 624623, at *1 n. 1 (W.D.N.Y. Oct. 26, 2016) (Section 406(b) application filed four months after notice of award was filed within a reasonable time and was timely); see also Buckingham v. Astrue, 07-CV-159-JTC, 2010 WL 4174773, at *1 (W.D.N.Y. Oct. 25, 2010) (granting Section 406(b) application filed 98 days after notice of award received, without consideration of timeliness); but see Sinkler v. Berryhill, 305 F. Supp.3d 448, 452 (W.D.N.Y. 2018), appeal docketed, 18-2044 (2d Cir. July 11, 2018). However, newly enacted Western District of New York Local Rule 5.5(g)(1) rejects the 14-day standard and sets a window of 65 days for filing Section 406(b) applications.

7

Counsel represents that his fee petition is timely because the Notice of Award is dated April 20, 2019, and the instant action was filed May 16, 2019. See Docket No. 32. Therefore there is no issue of delay and his Section 406(b) Motion, filed May 16, 2019, is timely under new Local Rule 5.5, which may be applied, insofar as just and practicable, to all actions pending as of January 1, 2019.

**CONCLUSION**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion (Docket No. 32) in its entirety and awards Plaintiff attorney's fees in the amount of $21,133.50. The Court directs the Commissioner to release the funds withheld from the benefits awards. Upon receipt of the Section 406(b) fee, Counsel is directed to remit to Plaintiff $7,521.60, representing the EAJA fees received in Plaintiff's case before this Court.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE

DATED:    July 3, 2019
          Rochester, New York